Case 2:17-cv-00113   Document 10   Filed on 04/17/17 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALPIDIO GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-113 |
| | § | |
| WARDEN F.C.I. THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Alpidio Gonzalez is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Live Oak, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated below, it is respectfully recommended that Petitioner's case be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Eastern District of Louisiana, New Orleans Division.

**I.    JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

**II.    BACKGROUND**

Petitioner was charged in the New Orleans Division of the Eastern District of Louisiana in a one-count indictment for possession with intent to distribute 100 kilograms

or more of marijuana in violation of 21 U.S.C. 841(a)(1) and 841(b)(1B). *United States v. Alpidio Gonzalez*, No. 2:07-cr-00063 (E.D. La. filed Feb. 22, 2007). Petitioner was found guilty on October 30, 2007 by a jury and was sentenced on March 12, 2008 to 360 months custody in the U.S. Bureau of Prisons, eight years supervised release, and a $100.00 special assessment. (D.E. 64).[1] Petitioner appealed to the Fifth Circuit Court of Appeals which affirmed his conviction and sentence on February 26, 2009. *United States v. Alpidio Gonzalez* 312 Fed. App'x 618 (5th Cir. 2009).

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on August 18, 2010 (D.E. 93) that the district court denied on January 31, 2011. (D.E. 97). The District Court denied Petitioner's motion for a certificate of appealability. (D.E. 103). Petitioner filed another 2255 motion (D.E. 110) which the District Court construed as successive and transferred to the Fifth Circuit for a determination of whether Petitioner was authorized to proceed. (D.E. 111). The Fifth Circuit denied Petitioner authorization to file a successive § 2255 motion. (D.E. 125). However, through an executive grant of clemency, Petitioner's sentence was reduced from 360 months to 240 months custody. (D.E. 131).

### III.   PETITIONER'S CLAIMS

Petitioner seeks to vacate his sentence by challenging the application of the career offender enhancement to the calculation of his sentencing guideline range imposed pursuant to U.S.S.G. § 4B1.1. Petitioner alleges one of his underlying Texas convictions

---

[1] Docket entry references to historical events in the original criminal proceedings are to the Eastern District of Louisiana proceeding, *United States v. Alpidio Gonzalez*, No. 2:07-cr-00063 (E.D. La. filed Feb. 22, 2007).

was not a qualifying predicate conviction for purposes of the career offender enhancement. Petitioner further alleges he is actually innocent of the career offender enhancement and he should be allowed to pursue his habeas claim in this § 2241 action because his § 2255 motion would be an inadequate or ineffective way to raise these claims.

## IV. PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack, 218 F.3d at* 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are based on the alleged incorrect application of the career offender provisions of the federal sentencing guidelines. Petitioner is

challenging his sentence. Because Petitioner's complaints relate to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes v. Requena*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because such a motion would be barred by limitations and is second or successive. (D.E. 1, pp. 7-8).

However, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878. Further, the Fifth Circuit has consistently held "that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011)(citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)).

Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

V.     **RECOMMENDATION**

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed § 2255 motions in the correct jurisdiction.

Respectfully submitted this 17th day of April, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).